**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DR. REYNOLD SILBER,

     Plaintiff,

vs.                                  Case No. _____

NEW MEXICO ENVIRONMENT DEPARTMENT,
RADIATION CONTROL BUREAU,

     Defendant.

**COMPLAINT FOR EMPLOYMENT LAW DISCRIMINATION, DISCRIMINATION-
RELATED RETALIATION AND COMMON LAW RETALIATION**

COMES NOW Plaintiff, DR. REYNOLD SILBER ("Dr. Silber") by and through his attorney of record, ANITA KELLEY LAW (Anita M. Kelley, Esq.) and for his Complaint for Employment Law Discrimination and Discrimination-Related Retaliation and Common Law Retaliation ("Complaint") against Defendant NEW MEXICO ENVIRONMENT DEPARTMENT, RADIATION CONTROL BUREAU ("NM Environment Dept.") does hereby state the following:

**JURISDICTION AND VENUE**

1.      Plaintiff Dr. Silber brings this Complaint to remedy violations of the New Mexico Human Rights Act, the Americans with Disabilities Act of 1990, as amended, and as codified in 42 U.S. Code, § 12101, *et seq.* ("ADA"), and for statutory and common law retaliation for complaining of Defendants' actions.

2.      Plaintiff has suffered damages due to employment-related discrimination and retaliation and therefore seeks damages and other appropriate legal relief.

3.      Plaintiff is a resident of Rio Rancho, Sandoval County, New Mexico.

4.      Upon information and belief, Defendant NM Environment Dept. is a resident of Santa Fe, Santa Fe County, New Mexico, and does business in the state of New Mexico.

5. Plaintiff was employed by Defendants in New Mexico.

6. Upon information and belief, Defendants employ the requisite number of employees under the applicable statutes.

7. Defendants are employers within the meaning of all applicable statutes and laws interpreting same, including but not limited to the ADA.

8. This Amended Complaint invokes Federal Question jurisdiction.

9. Venue is properly laid.

10. This Court has personal and subject matter jurisdiction.

11. Plaintiff Dr. Silber filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) and has received a Notice of Final Action/Right to Sue letter therefrom, thereby exhausting his administrative remedies.

12. The Notice of Final Action, dated January 23, 2026, gave Plaintiff Dr. Silber 90 days from his receipt thereof to file this lawsuit, and therefore this action is timely brought.

13. Plaintiff's Amended Complaint serves as a *de novo* appeal of the EEOC's Notice of Final Action, and Plaintiff has the right to bring this Amended Complaint in this United States Federal District Court.

14. Plaintiff Dr. Silber has notified Defendant of his claims and/or they have been sufficiently put on notice and/or have notice of same.

15. Plaintiff Dr. Silber's claims against NM Environment Dept. are properly brought under Federal and New Mexico law.

## ALLEGATIONS COMMON TO ALL CLAIMS

16. Plaintiff references and incorporates all prior allegations contained in each and every paragraph of this Complaint as if originally set forth herein.

17.    On or about July 17, 2025, Plaintiff began working for Defendant as an Environmental Science Specialist II and Indoor Radon Outreach Specialist.

18.    From about August of 2025 through September 2025, the Bureau Financial Manager, Mr. Scott Bowen, exhibited a pattern of discriminatory and hostile behavior toward Defendant.

19.    Specifically on September 3, 2025, Mr. Bowen displayed visible hostility, including making "disgusted" facial expressions and refusing to answer work-related questions regarding travel reimbursement, despite having just assisted a colleague with similar questions for 30 minutes.

20.    Upon information and belief, this disparate treatment was based on Plaintiff Dr. Silber's physical appearance (facial deformity) and disability.

21.    On or about September 3, 2025, Plaintiff reported Mr. Bowen's hostility to his supervisor, Bureau Chief Srikanth Paladugu.

22.    However, the behavior was not addressed; instead, it escalated.

23.    On or about September 9, 2025 and September 16, 2025, Mr. Bowen physically recoiled from Plaintiff in hallways and refused to acknowledge my presence.

24.    On or about on December 3, 2025, Plaintiff sent a formal written complaint to Division Director Michelle Miano and Mr. Paladugu regarding the mishandling of a travel expense claim, requesting an administrative review.

25.    Plaintiff was terminated the very next day, establishing a clear temporal proximity between his protected activity and the adverse employment action.

26.    On or about December 4, 2025, at approximately 10:45 AM, Plaintiff was participating in a scheduled internal interview for a promotion with the Climate Change Bureau.

27.    The interview panel consisted of Bureau Chief Claudia Borchert, Support Section Manager Dr. Becky Smith, and Permitting Section Manager Dr. Angela Raso.

28.    At approximately 11:23 AM, Plaintiff's supervisor, Bureau Chief Srikanth Paladugu, entered the private interview room without authorization, interrupting the proceedings and demanded that Plaintiff leave with him.

29.    As they entered a small hallway leading to the Radiation Control Bureau conference room, Mr. Paladugu grabbed Plaintiff's right arm and physically pushed him toward the room.

30.    This physical contact was non-consensual and unprovoked.

31.    Inside the conference room, Mr. Paladugu handed Plaintiff a termination notice effective December 5, 2025, citing NMAC 1.7.2.8(E) and 1.7.11.11, but failed to provide the mandatory statement of conduct required by the cited code.

32.    After signing the notice, Plaintiff attempted to return to the interview room to professionally excuse himself and inform the panel; Mr. Paladugu followed him closely.

33.    As Plaintiff reached the door, Mr. Paladugu grabbed his left arm/shoulder from behind to physically prevent him from re-entering the interview room.

34.    Plaintiff did not consent to this physical contact, which caused him to feel unsafe and intimidated.

35.    Furthermore, the timing and manner of his termination constituted retaliation for reporting harassment and administrative mismanagement of other matters.

**COUNT I – EMPLOYMENT DISCRIMINATION AND DISCRIMINATION-RELATED RETALIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT.**

36.    Plaintiff references and incorporates all prior allegations contained in each and every paragraph of this Complaint as if originally set forth herein.

37.    Plaintiff's claims for disability discrimination are brought under the Americans with Disabilities Act of 1990, as amended, and as codified in 42 U.S. Code, § 12101, *et seq.*

38.    Plaintiff has a real and/or perceived disability and/or serious medical condition that substantially limits one or more of his major life activities.

39.    This disability results in a facial impairment.

40.    This disability substantially limits one or more major life activities of Plaintiff.

41.    Plaintiff is otherwise qualified to complete all duties and associated job functions associated with his employment and position despite his disability/serious medical condition.

42.    Defendant intentionally discriminated against Plaintiff on the basis of his real and/or perceived disability/serious medical condition.

43.    Defendant took adverse actions against Plaintiff, up to and including discrimination, on the basis of his real and/or perceived disability/serious medical condition.

44.    The circumstances surrounding the adverse action(s) give rise to an inference of discrimination.

45.    If necessary, Plaintiff can also prove comparators after presenting his *prima facie* case and then challenging any "undue hardship" defenses that Defendant may raise, including showing with his evidence and witness testimony that Defendant's reasons for taking adverse action(s) against him are pretextual.

46.    Plaintiff can also set forth evidence raising an inference of disability discrimination due to being treated less favorably than non-disabled employees or any other evidence to suggest that the employee's disability was a factor in Defendant's decision.

47.    Plaintiff was wrongfully terminated as a result of discrimination and/or discrimination-related retaliation.

48.     Plaintiff has suffered damages as a result of Defendant's discrimination and/or discrimination-related retaliation against him, for which he is entitled to compensation.

## COUNT II – RETALIATION / RETALIATORY DISCHARGE

49.     Plaintiff references and incorporates all prior allegations contained in each and every paragraph of this Complaint as if originally set forth herein.

50.     Plaintiff had reported discrimination as well as other actions that go against New Mexico and/or Federal law and/or public policy to Defendant.

51.     Plaintiff engaged in activities that are protected by law.

52.     Defendant then retaliated against Plaintiff for same.

53.     Plaintiff was aware that he engaged in protected activities and had a good faith belief that Defendant's actions were illegal and improper.

54.     Plaintiff reported and complained of Defendant's violation of the law.

55.     Defendant took adverse action(s) against Plaintiff, up to and including wrongful termination/retaliatory discharge.

56.     Defendant also harassed Plaintiff and created a hostile work environment in retaliation.

57.     Due to Defendant's actions, Plaintiff suffered damages for which he is entitled to compensation.

58.     There is a causal connection between the protected activity and Defendant's actions.

59.     The adverse actions taken against Plaintiff, which included increased scrutiny, a hostile work environment, harassment and an invasion of his privacy and wrongful termination are materially adverse because they "could well dissuade a reasonable worker from making or

supporting a charge of discrimination." *Burlington N. & Santa Fe. Ry. V. White*, 548 U.S. 53, 57 (2006).

60. Any reasons for the retaliatory actions taken against Plaintiff by Defendant are pretextual.

61. Therefore Plaintiff has suffered from both statutory and common law retaliatory actions that Defendants illegally took against him.

## COUNT III – COMMON LAW TORTS INCLUDING DEFAMATION, ASSAULT AND BATTERY, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

62. Plaintiff was assaulted and battered by Defendant's representatives.

63. Defendant has published false statements against Plaintiff that it knows or should know to be true, intentionally and with the purpose of harming him, to third parties who have heard and believed the false statements, and therefore Plaintiff has been harmed.

64. Defendant has acted willfully, maliciously and/or with callous disregard in order to cause Plaintiff to suffer severe and emotional distress, which Plaintiff has suffered.

65. Plaintiff has suffered damages as a result of Defendant's actions, to which he is entitled to an amount of damages for a jury to decide at trial.

## JURY DEMAND

Plaintiff Dr. Silber is entitled to have his case heard by a jury and respectfully demands the same.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Dr. Reynold Silber respectfully requests judgment in his favor and prays for compensatory, punitive and statutory damages against Defendant NM Environment Dept. and for attorneys' fees and costs, prejudgment and post-judgment interest, and any other relief the Court deems just and proper.

Respectfully Submitted,

ANITA KELLEY LAW

*/s/ Anita M. Kelley*
Anita M. Kelley
*Attorney for Plaintiff Dr. Reynold Silber*
2325 San Pedro Dr. NE, Suite 2J6
Albuquerque, NM 87110
amk@anitakelleylaw.com
(505) 750-3036